```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA             :     MEMORANDUM DECISION

     - against -                     :     99 Cr. 01048 (DC)
                                           09 Civ. 09816 (DC)
JOHNNY MARTINEZ,                     :

            Defendant.               :

- - - - - - - - - - - - - - - - - -x

APPEARANCES:      PREET BHARARA, ESQ.
                  United States Attorney for the
                  Southern District of New York
                  One Saint Andrew's Plaza
                  New York, New York  10007

                  JOHNNY MARTINEZ
                  Defendant Pro Se
                  #52655-054
                  USP Victorville
                  P.O. Box 5300
                  Adelanto, California  92301
```

CHIN, Circuit Judge

      Defendant Johnny Martinez was convicted of one count of conspiracy to commit murder for hire pursuant to 18 U.S.C. § 1958 and one count of using and carrying a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924.  He was sentenced to life plus 120 months in prison.  Martinez now moves pro se pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  For the reasons set forth below, the motion is denied.

BACKGROUND

I. Facts

In May 1998, a drug-distribution organization hired Martinez to kill two individuals (the "victims") suspected of stealing from the organization. (PSR ¶ 17). Martinez and three others agreed to murder the victims for $37,000. (PSR ¶ 18).

On May 26, 1998, Martinez and the other gunmen fired on the victims while they sat in their car at a traffic light, killing the first victim in the driver's seat and wounding the second victim in the passenger seat. (PSR ¶ 21). The second victim managed to escape. (PSR ¶ 22).

II. Prior Proceedings

1. Arrest

On September 25, 1998, Martinez was arrested by the New York City Police Department and charged with second-degree murder by the Bronx District Attorney's Office. (Tr. 626). He was released on bail and subsequently fled to the Dominican Republic. (Tr. 552, 625-26). After he had fled, Martinez was indicted on various federal charges. (PSR ¶ 1-4)  Martinez was arrested in the Dominican Republic and extradited to the United States on January 22, 2003.  Id.

2. <u>Trial and Sentencing</u>

On September 9, 2003, a jury found Martinez guilty of one count of conspiracy to commit murder for hire pursuant to 18 U.S.C. § 1958 and one count of using and carrying a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924.  <u>United States v. Banks</u>, 464 F.3d 184, 185 (2d Cir. 2006).  On February 3, 2005, I sentenced Martinez to a term of imprisonment of life on the first count plus a mandatory consecutive term of 120 months on the second count.  (2/3/05 Judgment).

3. <u>Appeal</u>

On appeal, Martinez challenged his conviction on three grounds.  <u>Banks</u>, 464 F.3d at 185.  First, he argued that the Government's use of certain guilty pleas and post-arrest statements violated his right to confront witnesses pursuant to <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).  <u>Id.</u>  Second, he asserted that the district court did not properly consider the requisite sentencing factors.  <u>Id.</u>  Finally, Martinez argued that because his sentence exceeded thirty years, it violated an extradition agreement between the United States and the Dominican Republic.  <u>Id.</u>  The Second Circuit rejected Martinez's arguments and affirmed his conviction on September 12, 2006.  <u>Id.</u>

The United States Supreme Court denied Martinez's petition for certiorari on October 1, 2007.  Martinez v. United States, 552 U.S. 935 (2007).

4.   The Instant Motion

On April 22, 2009, Martinez filed a pro se motion for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (4/22/09 Pet.).  The motion contained numerous challenges to the validity of his criminal conviction.  First, Martinez claimed that his conviction was void because Congress never properly enacted 18 U.S.C. § 3231 and that United States District Courts therefore lack jurisdiction over federal criminal matters.  Id. at 5-40  Second, Martinez argued that because United States District Court judges pay taxes, they are beholden to the Internal Revenue Service and are, therefore, unable to act in their capacity as Article III judges.  Id. at 46.  Third, he asserted that United States District Courts sell post-conviction bonds, in violation of the Thirteenth Amendment.  Id. at 48-9.  Fourth, and finally, Martinez claimed that the prosecution had violated its evidentiary obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  Id. at 49-54.  Martinez did not, however, identify what Brady materials he believed had been withheld.  Id.

A challenge to the execution of a sentence is properly brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  See Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).  Martinez's petition challenged the legality of his conviction rather than the execution of his sentence.  On September 2, 2010, I issued an order notifying petitioner that his petition was not properly brought as a § 2241 motion.  (9/2/10 Order).  I ordered Martinez to either request that this Court treat his original § 2241 motion as a motion pursuant to 28 U.S.C. § 2255 or to submit a new § 2255 motion.  Id. at 4.  I also instructed Martinez to explain why such a motion would be timely.  Id.

On November 15, 2010, Martinez filed a § 2255 motion in which he claimed that he had been denied his Sixth Amendment right to effective assistance of counsel when his attorney failed to challenge the District Court's jurisdiction.  (11/15/09 Pet.).  I accept the motion in place of Martinez's original § 2241 motion.

Martinez did not provide an explicit explanation as to why his motion should be considered timely.  Id.  In an accompanying affidavit, Martinez claimed that his attorney had

-5-

advised him that his jurisdictional challenge "was not 'a good claim to pursue.'" (11/15/09 Aff.).  Read generously, it may be inferred that Martinez claims his motion should be subject to equitable tolling due to attorney error.  See Maleng v. Cook, 490 U.S. 488, 493 (1989) (construing habeas petition "with the deference to which pro se litigants are entitled").

## DISCUSSION

### I.   Statute of Limitations under AEDPA

#### A.   Applicable Law

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year time limit for a defendant to file a motion to "vacate, set aside or correct [his] sentence."  28 U.S.C. § 2255.  Except in circumstances inapplicable here, AEDPA's limitation period commences on "the date on which the [movant's] judgment of conviction becomes final."  Id.  A judgement of conviction becomes final "when the United States Supreme Court denies the prisoner's petition for a writ of certiorari."  Green v. United States, 260 F.3d 78, 84 (2d Cir. 2001) (citing United States v. Leon, 203 F.3d 162, 163 (2d Cir. 2000)(per curiam)).

B.  Application

Martinez's motion is untimely.  As noted above, the United States Supreme Court denied certiorari in Martinez's case on October 1, 2007.  Accordingly, Martinez had one year from that date -- until October 1, 2008 -- to file a motion challenging his conviction.  Any motion filed after October 1, 2008 exceeded the one-year limitations period.  Martinez's original § 2241 motion was filed on April 22, 2009 and his subsequent § 2255 motion was filed November 15, 2010.  Even if the earlier date is used, the motion is untimely because it was filed well after the one-year statute of limitations expired.

II.  Equitable Tolling under AEDPA

A.  Applicable Law

AEDPA's statute of limitations is "subject to equitable tolling in appropriate cases."  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  Such cases arise only in "rare and exceptional circumstance[s]."  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1998)).

A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

-7-

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2566 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

Mere "garden variety" neglect on the part of an attorney "does not warrant equitable tolling." Id. To warrant equitable tolling, an attorney's actions must be "so outrageous or so incompetent as to render [them] extraordinary." Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003). An attorney's actions have met this standard when the attorney failed to file a habeas petition despite the client's explicit instruction to do so, Baldayaque, 338 F.3d at 150, or when the attorney filed his client's petition one day after the expiration of AEDPA's statute of limitations, while "affirmatively and knowingly" misrepresenting to his client that the petition had been filed at an earlier date. Dillon v. Conway, 642 F.3d 358, 363-64 (2d Cir. 2011).

B.  Application

The advice of Martinez's attorney was neither "outrageous" nor "incompetent" so as to justify equitable tolling. Baldayaque, 338 F.3d at 152. Martinez states that he

-8-

was advised by his attorney that a claim challenging the District Court's jurisdiction to hear federal criminal matters "was not 'a good claim to pursue.'" (11/15/09 Aff.).

At the center of Martinez's jurisdictional claim is the argument that 18 U.S.C. § 3231 was never properly enacted by Congress.  This argument has previously been rejected as "unbelievably frivolous."  United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007).  See also Holt v. Bush, 321 Fed. App'x 5, 5 (D.C. Cir. 2009) ("[A]ppellant's challenge to § 3231 is frivolous, as two circuit courts and numerous district courts have held."); Buczek v. Constructive Statutory Trust Depository Trust, No. 10-CV-382, 2011 WL 4549206 at *4-5 (W.D.N.Y. Sept. 29, 2011) (rejecting similar claim as "wholly without merit"); Ozsusamlar v. United States, No. 10 Civ. 3455(PKL), 2010 WL 3528888 at *2 (S.D.N.Y. Sept. 2, 2010) (rejecting similar claim as meritless); Robinson v. United States, No. 09 Civ. 2178(SAS), 03 CR. 1501(SAS), 2010 WL 1789931 at *7 (S.D.N.Y. May 4, 2010) ("All courts that have considered this claim have rejected it."). The Seventh Circuit termed an attorney's continued challenges to the validity of 18 U.S.C. § 3231 a "profound disservice to his clients."  Collins, 510 F.3d at 698.

Numerous other jurisdictions have held that courts are precluded from examining claimed procedural irregularities in 18 U.S.C. § 3231 by the "enrolled bill rule," which states that "[o]nce the presiding officer of each chamber certifies the bill, 'it's authentication as a bill that has passed Congress should be deemed complete and unimpeachable.'" United States v. Miles, 244 Fed. Appx. 31, 33 (7th Cir. 2007) (order) (quoting Marshall Field & Co. V. Clark, 143 U.S. 649, 672-73 (1892)). See also United States v. Chillemi, No. 03-cr-917, No. 07-cv-430, 2007 WL 2995726, at *6-7 (D. Ariz. Oct. 12, 2007) (denying 18 U.S.C. § 3231 challenge based on enrolled bill rule)); United States v. Harbin, No. C-01-cr-221(3), No. C-07-cv-260, 2007 WL 2777777, at *5-6 (S.D. Tex. Sept. 21, 2007) (same).

After Martinez filed his petition, the Second Circuit reached the same conclusion. See United States v. Farmer, 583 F.3d 131, 152 (2d Cir. 2009) (holding "enrolled-bill rule precludes [a] challenge to the validity of the Act of June 25, 1948" and "the district court properly exercised jurisdiction pursuant to 18 U.S.C. § 3231").

Given the considerable weight of authority holding that challenges to the validity of 18 U.S.C. § 3231 are without merit,

the advice Martinez received from his attorney was not incompetent; it was correct.  That advice, therefore, fails to create a "rare and exceptional circumstance" that would justify equitable tolling.  <u>Smith</u>, 208 F.3d at 17 (quoting <u>Turner v. Johnson</u>, 177 F.3d 390, 391-92 (5th Cir. 1998)).  In addition, nothing in the record demonstrates that Martinez pursued his claim diligently.  Accordingly, equitable tolling is inappropriate in this case and the petition is denied as time-barred.

## CONCLUSION

Martinez's motion is denied as untimely.  His original § 2241 motion was filed on April 22, 2009, more than six months after the one-year limitations period expired.  The record suggests no reasonable basis for equitable tolling.  The motion is time-barred and therefore denied.

Because the defendant has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death

Penalty Act).  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

    SO ORDERED.

Dated:    New York, New York
            December 5, 2011

                                          DENNY CHIN
                                          United States Circuit Judge
                                          Sitting by Designation